IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

BILLY HILL,                         )
                                    )
            Petitioner,             )
                                    )
       v.                           )      1:13CV1099
                                    )
LEWIS O. SMITH,                     )
                                    )
                                    )
            Respondent.             )

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Petitioner, a prisoner of the State of North Carolina, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Docket Entry 2.) Respondent has filed an Answer (Docket Entry 4) and Motion for Summary Judgment (Docket Entry 5). Petitioner, in turn, filed a Response (Docket Entry 8) to Respondent's Summary Judgment Motion.

## Background

On April 19, 2011, Petitioner was convicted in Cabarrus County, Superior Court after a jury trial for larceny from the person and admitted habitual felon status and was sentenced to 146-185 months imprisonment, in cases 09 CRS 54394 and 10 CRS 2484. (Docket Entry 2, §§ 1-6, Docket Entry 6, Ex. 2 at 38-39.) Petitioner appealed and on April 17, 2012 the North Carolina Court of Appeals issued an opinion finding no error in Petitioner's convictions. *State v. Hill*, 723 S.E.2d 582, ___ N.C. App. ___ (April 17, 2012) (unpublished).

On April 10, 2013, Petitioner filed a Motion for Appropriate Relief ("MAR") in Superior Court, Cabarrus County. (Docket Entry 6, Exs. 5-6.) On May 6, 2013, the MAR was denied. (*Id.* at Ex. 6.) On June 21, 2013, Petitioner filed a petition for writ of certiorari

in the North Carolina Court of Appeals, which was denied on July 5, 2013. (*Id.* at Exs. 7, 9.) Finally, Petitioner dated the instant Petition December 3, 2013 and filed it on December 9, 2013. (Docket Entry 2.)

### Petitioner's Claims

The Petition raises three claims: (1) Petitioner received ineffective assistance of counsel because his trial lawyer also represented a co-defendant who previously pled guilty to a misdemeanor in state district court arising out of the same incident, and Petitioner's lawyer said in that case that it was appropriate to allow the co-defendant to plead guilty to a misdemeanor because Petitioner was actually responsible for the crime, (2) Petitioner received ineffective assistance of appellate counsel because he told appellate counsel to raise the conflict of interest and ineffective assistance of trial counsel claims on direct appeal, but appellate counsel refused to do so saying he could not pursue these claims because they were not part of the record, and (3) Petitioner was selectively prosecuted and his appellate lawyer was ineffective for failing to raise and argue this claim. (Docket Entry 2, § 12.)

### Discussion

Respondent requests dismissal on the ground that the Petition was filed[1] beyond the one-year limitation period imposed by 28 U.S.C. § 2244(d)(1). (Docket Entry 6.) In order to

---

[1] "In [*Houston v. Lack*, 487 U.S. 266 (1988)], the Supreme Court held that a pro se prisoner's notice of appeal is filed on the date that it is submitted to prison officials for forwarding to the district court, rather than on the date that it is received by the clerk." *Morales–Rivera v. United States*, 184 F.3d 109, 110 (1st Cir. 1999). At least eight circuits "have applied th[is] prisoner mailbox rule to [establish the 'filing' date of] motions under 28 U.S.C. § 2254 or § 2255." *Id.* at 110–11 & n.3. In two published opinions issued since that consensus emerged, however, the United States Court of Appeals for the Fourth Circuit has declined to decide whether the prison mailbox rule applies in this context. *See Allen v. Mitchell*, 276 F.3d 183, 184 n.1 (4th Cir. 2001) ("Allen's petition was dated March 9, 2000, and it should arguably be treated as having been filed on that date. *Cf. United States v. Torres*, 211 F.3d 836, 837 n.3 (4th Cir. 2000) (declining to decide whether prison mailbox rule applies

2

assess this argument, the Court first must determine when Petitioner's one-year period to file his § 2254 petition commenced. In this regard, the United States Court of Appeals for the Fourth Circuit has explained that:

> Under § 2244(d)(1)(A)-(D), the one-year limitation period *begins to run from* the latest of several potential starting dates:
>
> (A) *the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;*
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

*Green v. Johnson*, 515 F.3d 290, 303-04 (4th Cir. 2008) (emphasis added). The record does not reveal any basis for concluding that subparagraphs (B)-(D) of § 2244(d)(1) apply here.

Under subparagraph (A), Petitioner's one-year limitation period commenced on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). The Court must therefore ascertain when direct review (or the time for seeking direct review) of Petitioner's

---

to filing of federal collateral review applications in district court). We take no position on that question here."); *but see Smith v. Woodard*, 57 F. App'x 167, 167 n.* (4th Cir. 2003) (implying that *Houston*'s rule governed filing date of § 2254 petition); *Ostrander v. Angelone*, 43 F. App'x 684, 684-85 (4th Cir. 2002) (same). Because the difference between the date Petitioner signed his Petition (*i.e.*, the earliest date he could have given it to prison officials for mailing) and the date the Clerk received it would not affect disposition of the timeliness issue, the Court need not consider this matter further.

underlying conviction(s) ended. Under subparagraph (A), Petitioner's one-year limitation period commenced on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). The Court must therefore ascertain when direct review (or the time for seeking direct review) of Petitioner's underlying conviction(s) ended. Here, the North Carolina Court of Appeals affirmed Petitioner's criminal convictions on April 17, 2012. Petitioner did not pursue further direct review. Petitioner's convictions thus became final on May 22, 2012, thirty-five days after the April 17, 2012 opinion was issued from the Court of Appeals. *See* N.C. R.App. P. Rules 14(a) and 15(b) (15 days to file from the issuance of the Court of Appeals' mandate to file notice of appeal and/or PDR in North Carolina Supreme Court) and Rule 32(b) (unless court orders otherwise, mandate issues 20 days after written opinion filed); *Saguilar v. Harkleroad*, 348 F. Supp. 2d 595, 598–601 (M.D.N.C. 2004) (Osteen, Sr., J. *adopting recommendation of* Eliason, M.J.), *appeal dismissed*, 145 F. App'x 444 (4th Cir. 2005). Petitioner's one-year limitation period then ran for 323 days, that is, from May 22, 2012 (the date his conviction became final) to April 10, 2013 (the date he filed his MAR).[2] Petitioner's one-year limitation period did not began running again until July 5, 2013, the day the North Carolina Court of Appeals denied Petitioner's petition seeking a writ of certiorari

---

[2] As to Petitioner's MAR, the undersigned has used the filing date of April 10, 2013, rather than the March 27, 2013 signature date. (Docket Entry 6, Exs. 5-6.) *See Byrson v. Harkleroad*, No. 1:10CV36-3-MU, 2010 WL 1328313, *3 (W.D.N.C. April 1, 2010) (unpublished) ("Under state law a state post conviction motion for appropriate relief (MAR) is considered filed when it is actually filed in the Superior court and served on the opposing party. There appears to be no corresponding 'prison mail box rule' for filing MARs in state court, as there is for filing appeals in federal court.") (citations omitted), *appeal dismissed*, 405 Fed. App'x 773 (4th Cir. Dec. 27, 2010) (unpublished). In any event, even crediting the additional few weeks in question to Petitioner would not materially impact the analysis set forth herein as the instant action would still have been filed a number of months too late.

4

to review the May 6, 2013 order of Superior Court, Cabarrus County denying Petitioner's MAR. *See* 28 U.S.C. § 2244(d)(2); *see Taylor v. Lee*, 186 F.3d 557, 561 (4th Cir. 1999) (state collateral filings generally toll the federal habeas deadline for "the entire period of state post-conviction proceedings, from initial filing to final disposition by the highest court (whether decision on the merits, denial of certiorari, or expiration of the period of time to seek further appellate review)"). Petitioner's one-year limitation period then ran until it expired forty-two days later on August, 16, 2013. Because Petitioner dated his Petition on December 3, 2013 and filed it on December 9, 2013, it is at least three months late.

Petitioner does not dispute the foregoing time-line. Instead, he appears to assert in § 18 of his Petition that his claims should not be barred by the limitation period on equitable grounds. It is true that the United States Supreme Court has recognized that the doctrine of equitable tolling applies to the time bar set forth in Section 2244. *Holland v. Florida*, ___ U.S. ___, ___, 130 S.Ct. 2549, 2562 (2010). Equitable tolling may excuse an otherwise untimely filing when a petitioner "shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Id.* (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418, 125 S.Ct. 1807 (2005)).

Petitioner first contends that he should not be barred by the one-year limitation period because his appellate lawyer would not pursue his case to the state's highest court on direct appeal. If appellate counsel declined to file a petition for discretionary review with the Supreme Court of North Carolina, this fact is legally irrelevant. Petitioner had no constitutional right to counsel in connection to seeking discretionary review in the state supreme court. Of course, the United States Constitution guarantees criminal defendants,

5

like Petitioner, the effective assistance of counsel. *Strickland v. Washington*, 466 U.S. 668, 686 (1984). However, while criminal defendants have a constitutional right to counsel on their first-level direct appeal, *see Roe v. Flores–Ortega*, 528 U.S. 470, 477 (2000); *Douglas v. California*, 372 U.S. 353 (1963), under clearly established Supreme Court authority they do not have a constitutional right to counsel to pursue discretionary appellate review in a state's highest court. *See Ross v. Moffitt*, 417 U.S. 600, 610-12 (1974) (no constitutional right to counsel to pursue discretionary state appeals or applications for review by state's highest court); *Wainwright v. Torna*, 455 U.S. 586, 587 (1982) (same); *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987) ("[T]he right to appointed counsel extends to the first appeal of right, and no further."). Where a defendant has no constitutional right to counsel, he or she cannot be denied the effective assistance of counsel. *Wainwright*, 455 U.S. at 587–88. Thus, Petitioner was not constitutionally entitled to appellate counsel at this stage of his criminal proceeding. That the appellate counsel who represented him in his first appeal of right declined to represent him further is not extraordinary. The undersigned is not persuaded that Petitioner faced an extraordinary circumstance that actually prevented him from filing a timely habeas petition in this Court.[3]

---

[3] In his Petition, Petitioner asserts that his appellate counsel "would not pursue his case to the state['s] highest court." (Docket Entry 2, § 18.) Later, in his Response, Petitioner asserts that appellate counsel "deficiently failed to consult with Petitioner" about pursuing his case further with the state's highest court. (Docket Entry 8 at 3.) In either event, for the reasons described herein, Petitioner is not entitled to equitable tolling. *See, e.g., Sims v. Hardy*, No. 11 C 3326, 2012 WL 4932609, at *1 (N.D. Ill. Oct. 16, 2012) (unpublished) (concluding that appellate counsel's purported failure to file with the state's highest court on direct appeal was "legally irrelevant given that [the petitioner] had no right to counsel in connection with seeking discretionary review in the state supreme court"); *Larsen v. Martel*, No. CV 09-5186 GHK (FMO), 2010 WL 5348159, at *6 (C.D. Cal. Oct. 25, 2010) (unpublished) (concluding that "petitioner is not entitled to equitable tolling based on his appellate counsel's failure to seek discretionary review of his conviction by filing a petition for writ of certiorari in the United States Supreme Court [because] [i]t is well established that a criminal

Petitioner also contends that his Petition should proceed regardless of the one-year limitation because it would be a fundamental miscarriage of justice to dismiss it without review on the merits. This contention simply devolves into an argument that his claims have merit. The potential merits of a claim generally do not affect the timeliness analysis. *See Rouse v. Lee*, 339 F.3d 238, 251-52 (4th Cir. 2003). Simply put, there is no "fundamental miscarriage of justice" exception to the one-year limitation period—though there is an actual innocence exception, which the undersigned will next address—and Petitioner has failed to demonstrate that the deadline should be equitably tolled.

Finally, Petitioner asserts that his Petition should not be barred by the one-year limitation period because he is actually innocent of the crimes of which he was convicted. Recently, the Supreme Court recognized in *McQuiggin v. Perkins*, ___ U.S. ___, ___, 133 S.Ct. 1924, 1928 (2013), an actual innocence exception to AEDPA's time limitation. To establish actual innocence, "a petitioner must show that it is more likely than not that no reasonable

---

defendant has no right to counsel to pursue discretionary review of a conviction"), *recommendation adopted by* 2010 WL 5359427 (C.D. Cal. Dec. 17 2010) (unpublished); *Venable v. Small*, No. CV 09-1489 GHK (FMO), 2009 WL 3233910, at *8 (C.D. Cal. Sept. 30, 2009) (unpublished) (concluding that "counsel's failure to file a petition for review following direct appeal in the court of appeal does not present the rare occasion in which an attorney's failure to take necessary steps to protect his client's interests is so egregious and atypical that the court may deem equitable tolling appropriate") (citation omitted); *Frazier v. Dretke*, No. 3:03-CV-1546-N, 2005 WL 937815, at *4 (N.D. Tex. April 7, 2005) (unpublished) ("Petitioner argues that any untimeliness of the instant petition should be excused because his appellate attorney failed to file a petition for review and he was unaware that he had a right to such review. This argument fails for a number of reasons. First, there is no right to counsel for filing a petition for discretionary review. Second, even if petitioner had a right to counsel, mere attorney error or neglect is not an extraordinary circumstance such that equitable tolling is justified. Third, ignorance of the law does not warrant equitable tolling. . . . Petitioner was thus not prevented from timely asserting his rights by any actions of his appellate counsel.") (citations omitted), *recommendation adopted by* 2005 WL 1025796 (N.D. Tex. April 28, 2005) (unpublished); *Freeman v. Dretke*, No. 3:04-CV-2118-D, 2005 WL 81718, at *3 (N.D. Tex. Jan. 12, 2005) (unpublished) ("Petitioner had no constitutionally protected right to counsel for pursuing his PDR [and] he cannot now rely on counsel's actions or inactions during the PDR phase of his appeal as a basis for equitable tolling."), *recommendation adopted by* 2005 WL 178220 (Jan. 26, 2005) (unpublished).

juror would have found petitioner guilty beyond a reasonable doubt." *Schlup v. Delo*, 513 U.S. 298, 327 (1995); *see McQuiggin*, ___ U.S. at ___, 133 S.Ct. at 1935. "To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Schlup*, 513 U.S. at 324. Here, Petitioner has done nothing more than assert in a conclusory manner that he is actually innocent of the crimes for which he was convicted. This is insufficient to avoid or toll the limitation period. In the end, Petitioner is not entitled to statutory or equitable tolling, his Petition was filed out of time, and Respondent's Motion should be granted. An evidentiary hearing in this matter is not warranted.

**IT IS THEREFORE RECOMMENDED** that Respondent's Motion for Summary Judgment (Docket Entry 5) be **GRANTED**, that the Petition (Docket Entry 2) be **DISMISSED**, and that Judgment be entered dismissing this action.

*/s/ Joe L. Webster*
Joe L. Webster
United States Magistrate Judge

April 1, 2014
Durham, North Carolina